**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOHN SAYYAH, et al., | : | |
| Plaintiffs, | : | Case No. 1:05CV00016 |
| vs. | : | District Judge S. Arthur Spiegel |
| | | Magistrate Judge Sharon L. Ovington |
| BROWN COUNTY BOARD OF COMMISSIONERS, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

Plaintiffs John Sayyah, Brenda Frank, and Robert Rickling bring this case *pro se* raising many federal claims against twenty-one named defendants including Senior United States District Judge Herman J. Weber, U.S. Magistrate Judge Michael R. Merz, numerous additional federal Judicial Officers, and attorney James Hunt.  The case is presently before the Court upon Magistrate Judge Merz's Motion to Quash Purported Service of Process (Doc. #6), Plaintiffs' Memorandum in Opposition (Doc. #11), Magistrate Judge Merz's Reply (Doc. #13), Plaintiffs' Memorandum in Response to Reply (Doc. #24), and Magistrate Judge Merz's Motion to Strike (Doc. #25).

This case is also before the Court upon  Defendant James A. Hunt's Motion to Quash

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Purported Service of Process (Doc. #9), District Judge Weber's Motion to Quash Twenty Day Summons (Doc. #10), Plaintiff's Memoranda in Opposition (Doc. #s 15, 20), and Plaintiffs' Motion for Leave of Court to Amend Summons (Doc. #16).

## II.     DISCUSSION

### A.     Magistrate Judge Merz's and Defendant Hunt's Motions to Quash are Well Taken

Magistrate Judge Merz seeks an Order under Fed. R. Civ. P. 12(b)(5) quashing Plaintiffs' Complaint and dismissing it as to him due to insufficiency of service of process. Magistrate Judge Merz states in his Declaration that he has not received process by certified mail in this case, that he has never resided or maintained an office at the address used by Plaintiffs, and that the envelope he received did not contain a return receipt card. (Doc. #6, Declaration attached).

Plaintiffs contend, in part, that they followed the instructions of the Clerk of Court concerning service of summons and have consequently properly effected service of summons. Plaintiffs also point out that dismissal is unwarranted because they may still effect service within the 120-day period set by Fed. R. Civ. P. 4(m).

For the reasons stated by Magistrate Judge Merz in support of his Motion, Plaintiffs have not properly effected service of summons and Complaint upon him in the manner mandated by Fed. R. Civ. P. 4(e). Magistrate Judge Merz is therefore entitled to an Order quashing Plaintiffs' attempt to effect service. *See* Fed. R. Civ. P. 12(b)(5).

Yet, dismissal with prejudice of Plaintiffs' Complaint against Magistrate Judge Merz is not warranted at this time. Plaintiffs filed their Complaint on January 10, 2005. Because Fed. R. Civ. P. 4(m) sets a 120-day period during which Plaintiffs may effect service, time remains for

them to do so.[2] Dismissal of Plaintiffs' Complaint against Magistrate Judge Merz must therefore be without prejudice.

Defendant attorney James Hunt has joined in Magistrate Judge Merz's Motion to Quash. In light of the above, Defendant Hunt's Motion to Quash is well taken and dismissal of Plaintiffs' Complaint against Defendant Hunt must be without prejudice.

**B.      Senior District Judge Weber's Motion to Quash is Well Taken**

Senior District Judge Weber seeks an Order quashing the summons Plaintiffs served upon him because it provides with him with only 20 days to move, answer, or otherwise plead to Plaintiffs' Complaint. Senior District Judge Weber correctly points out that Fed. R. Civ. P. 12(a)(3)(A) affords him 60 days to respond to Plaintiffs' Complaint.

Plaintiffs recognize in response that they issued defective summons to Senior District Judge Weber. (Doc. #15 at 1). It is therefore undisputed that Plaintiffs' service of summons and Complaint on Senior District Judge Weber is defective. His Motion to Quash is therefore well taken.

Plaintiffs also acknowledge that their attempted service on the remaining federal Judicial Officers named in the Complaint was defective. (Doc. #15 at 1). Consequently, their service of summons and Complaint on these named Defendants must be quashed, and their Complaint

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

against these named Defendants must be dismissed. However, because time remains for Plaintiffs to effect service, dismissal of their Complaint against the federal Judicial Officers must be without prejudice.

      C.      **Plaintiffs' Motion for Leave of Court to Amend Summons Lacks Merit**

Plaintiffs seek an Order permitting them to amend their summons to correct the defective 20-day response deadline stated therein and to substitute the required 60-day time period. Plaintiffs emphasize that they are acting on their own behalf as *pro se* litigants and are therefore the benefits of special treatment, including less stringent pleading standards. (Doc. #16 at 2). Plaintiffs contend that the defendants would not suffer prejudice from this amendment and permitting this amendment would prevent undue time and expense. (Doc. #16).

Plaintiffs' Motion lacks merit for several reasons. Their *pro se* status does not relieve them of their obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure. Their *pro se* status, moreover, does not relieve them of their duty to adhere to readily understandable time deadlines of which they are aware including Rule 4(m)'s 120-day time limit. *See Jourdan v. Jabe*, 980 F.2d 108, 110 (6th Cir. 1991). The significance, moreover, of proper service of summons and Complaint cannot be minimized: "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929

4

F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein).  Plaintiffs bear the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

It appears, moreover, from Magistrate Judge Merz's Motion to Quash that Plaintiffs' attempts to serve summons on the federal Judicial Officers may be defective in additional ways. While this may or may not be so as to all the federal Judicial Officers named as Defendants in Plaintiffs' Complaint, permitting Plaintiffs to amend their summons may cause further delay in their ability to properly effect service and may prevent them from effecting timely service in the event their summons is otherwise defective.  On the other hand, such prejudice to Plaintiffs will be avoided by denying their Motion to Amend Summons since time presently remains for them to effect service of summons and Complaint as required by the Federal Rules of Civil Procedure.

Accordingly, under the present circumstances, and given that time remains under Rule 4(m) for Plaintiffs to effect service of summons and Complaint, Plaintiffs' Motion to Amend Summons should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Magistrate Judge Merz's Motion to Quash (Doc. #6) be GRANTED, Plaintiffs' attempted service of summons and Complaint on Magistrate Judge Merz be QUASHED, and Plaintiffs' Complaint against Magistrate Judge Merz be DISMISSED without prejudice;

2. Defendant Hunt's Motion to Quash (Doc. #9) be GRANTED, Plaintiffs' attempted service of summons and Complaint on Defendant Hunt be QUASHED, and Plaintiffs' Complaint against Defendant Hunt be DISMISSED without prejudice;

3. Senior District Judge Weber's Motion to Quash (Doc. #10) be GRANTED, Plaintiffs' attempted service of summons and Complaint on Defendant Senior District Judge Weber be QUASHED, and Plaintiffs' Complaint against District Judge Weber is DISMISSED without prejudice;

4. Plaintiffs' Motion For Leave of Court to Amend Summons (Doc. #16) be DENIED;

5. Magistrate Judge Merz's Motion to Strike (Doc. #25) be DENIED as moot; and

6. Plaintiffs' attempt to serve the remaining federal Judicial Officers named in their Complaint be QUASHED and Plaintiffs' Complaint against the federal Judicial Officers be DISMISSED without prejudice.

April 29, 2005

                  s/ Sharon L. Ovington
                  Sharon L. Ovington
                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).