```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
JOHN SAYYAH, et al.,             :
                                 :    NO. 1:05-CV-00016
      Plaintiffs,                :
                                 :
                                 :    OPINION & ORDER
   v.                            :
                                 :
                                 :
BROWN COUNTY BOARD OF            :
COMMISSIONERS, et al.,           :
                                 :
      Defendants.
```

This matter is before the Court on two Report and Recommendations issued by the assigned Magistrate Judge (docs. 38 & 39). No objections were filed to either Report and Recommendations. The facts and procedural history of this case are as follows.

Plaintiffs John Sayyah, Brenda Frank, and Robert Rickling (hereinafter collectively "Plaintiffs"), brought this case pro se against twenty-one named defendants (doc. 38). The Plaintiffs' Complaint (doc. 1) raised nineteen counts (Id.). Before the assigned Magistrate Judge were Magistrate Judge Merz's Motion to Quash Purported Service of Process (doc. 6), Plaintiffs' Memorandum in Opposition (doc. 11), Magistrate Judge Merz's Reply (doc. 13), Plaintiffs' Memorandum in Response to Reply (doc. 24),

1

Magistrate Judge Merz's Motion to Strike (doc. 25), the Motion to Dismiss filed by seven Judicial Officers of the State of Ohio (doc. 12), Plaintiffs' Memorandum in Opposition (doc. 30), the State Judges' Reply (doc. 31), and Plaintiffs' Motion for Leave of Court to Answer to the 04/04/05 Reply of the State Judges (doc. 33). The assigned Magistrate Judge granted Plaintiffs' Motion for Leave to Answer and considered the arguments contained therein in reaching the conclusions found in his Report and Recommendation (doc. 38). Also, before the assigned Magistrate Judge were Defendant James A. Hunt's (hereinafter "Hunt") Motion to Quash Purported Service of Process (doc. 9), District Judge Weber's Motion to Quash Twenty Day Summons (doc. 10), Plaintiffs' Memoranda in Opposition (docs. 15 & 20), and Plaintiffs' Motion for Leave of Court to Amend Summons (doc. 16).

Plaintiffs' Complaint concerns events centering around Plaintiff Sayyah's efforts to speak out against certain public officials in connection with an alleged scheme to defraud the State of Ohio and the federal government out of one or more low-cost loans (doc. 38). Plaintiffs allege that the fraudulent scheme was perpetrated by Defendants including Thomas Joyce, a Trustee of the Waynoka Regional Water and Sewer District (hereinafter "WRWSD") (Id.). According to Plaintiffs, Defendant Joyce, an elected public official, engaged in an effort to harm

them and other Waynoka property owners by lying and making false public statements to convince them that one or more low-cost loans "did not need to be paid back, thus would not cost them one red penny" (Id. quoting doc. 1).

Plaintiffs further alleged that Defendants Joyce and Hunt, in conjunction with efforts of the State Judges. denied Sayyah access to the courts and violated his procedural due process rights (Id.). Additionally, Plaintiffs alleged that Defendants violated the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1503 and 1961(1), based on predicate acts of mail fraud in violation of 18 U.S.C. § 1341 (Id.). Plaintiffs also raised civil RICO claims (Id.). The Magistrate Judge, in his Report and Recommendation, quotes a section of the Plaintiffs' Complaint which Plaintiffs titled "Nature of the Case." The Court repeats that quotation.

> Plaintiffs bring this case for numerous violations of their due process rights under the Fourteenth Amendment to the U.S. Constitution and for obstruction of justice, in which each named Defendant conspired among themselves and each other under color of law and their specific offices to undermine, deny, delay, prevent, derail, and/or discourage Plaintiffs from their lawful right to sue for damages to recover losses due to, among other things, theft; theft in office; theft by deception; embezzlement; illegal real estate scams; federal and state grants and low cost loan scams; illegal gambling; fraud upon the State of Ohio in multi-millions of dollars; fraud upon the U.S. Government in multi-

-3-

> millions of dollars; fraud on the part of the Commissioners and Beasley in the establishment of an Ohio Political Subdivision WRWSD in order for the criminal enterprise to steal multi-millions of dollars in a fraudulent scam using WRWSD's ability to charge fees, dues and assessment, fraud in general; and 'fraud upon the court' to name just a few of the many illegal activities and said criminal enterprise.

(Id.). As pertains to the State Judges and other Defendants, Plaintiffs asserted that they:

> did intentionally and maliciously engage in patterns of racketeering activities, in which they entered into a conspiratorial 'meeting of the minds' to practice dishonesty and deception with the intent to use the courts as a racketeering enterprise to obstruct justice, to cover up crimes, in order to get 'certain' political friends 'off the hook,' especially the Commissioners and Beasley.

(Id).

The specific claims for relief of the Plaintiffs, as recounted in their Complaint are: "Violation of a Federal Constitutional Right (First Amendment)"; "Fraud"; "Common Law Fraud and Deceit"; "Fraud Upon the Court"; "Fraudulent Conspiracy"; "Civil Rights"; "Obstruction of Justice"; "Cover Up of Wrongdoings and Misdeeds"; "Professional Misconduct"; "Judicial Misconduct"; "Refuse to Recuse"; "Failed to Grant Writs of Mandamus"; "Violations of Equal Access to State Courts"; "Violations as Federal Judicial Officers"; "Violations of the Bill of Rights";

"Violation of Property Interests"; and "Violations of RICO" (Id.). The Plaintiffs sought compensatory and punitive damages against each Defendant - including the State Judges - equaling $1 million (Id.). They also sought writs of mandamus, injunctive relief, and award of litigation costs, and that "[a]ll issues of immunity . . . be resolved on briefs and arguments as presented by any and all sides, if deemed proper and just under federal controlling laws" (Id.).

The Magistrate Judge correctly notes, in his Report and Recommendation, the standard for ruling on a Motion to Dismiss for failure to state a claim upon which relief may be granted - namely, that the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Furthermore, as Plaintiffs are proceeding pro se, the Court must liberally construe their allegations in their favor. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992). The Sixth Circuit has stated, in regards to pro se complaints, "[a] pro se complaint is held to an especially liberal standard and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000)

(quoting Estlle at 106).  However, a court "need not accept as true legal conclusions or unwarranted factual inferences."  Mixon v. State of Ohio, 193 F.3d 389, 400 (6th Cir. 1999).

The Magistrate Judge concludes that the State Judges' Motion to Dismiss is well-taken (doc. 38).  The State Judges assert that Plaintiffs' federal constitutional and statutory claims against them should be dismissed because absolute immunity bars Plaintiffs from obtaining monetary damages under 42 U.S.C. § 1983 (Id.).  Quoting Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d. 834, 842, the Magistrate Judge notes that "[u]nder 42 U.S.C. § 1983, state actors are prohibited from violating the civil rights of others" (Id.).  However, as a "general rule, judges are immune from suits for money damages." Barrett v. Harrington, 130 F.3d 246, 254 (6th Cir. 1997) (noting that the Supreme Court has found state judges to be absolutely immune from liability under § 1983).  Absolute immunity, reports the Magistrate Judge, is applicable where judges engage in "paradigmatic judicial acts, or acts of actual adjudication" (doc. 38 quoting Barrett at 254).  King v. Love, 766 F.2d 962, 965 (6th Cir. 1985) states, "[p]rovided . . . [judges] do not engage in non-judicial acts or act in the clear absence of all jurisdiction, judges presiding over courts of general jurisdiction are immune from suits for damages even if they act erroneously, corruptly or in excess of jurisdiction."  Id.  An

-6-

act done in the clear absence of all jurisdiction occurs where a judge's actions are "clearly outside the subject matter jurisdiction of the court over which he presides." King at 965.

The Magistrate Judge concludes, that, even accepting Plaintiffs' most serious allegations as true (i.e., that the State Judges schemed with each other and other Defendants in violation of Plaintiffs' federal constitutional and statutory rights), those allegations are based on the rulings, or failure to rule, in Plaintiffs' state cases (doc. 38). This amounts to at worst, notes the Magistrate Judge, erroneous or corrupt judicial conduct (Id.). This type of conduct would not "penetrate the shield of absolute immunity" (Id.). The Complaint emphasizes dissatisfaction with the State Judges' acts or omissions during Plaintiffs' state cases; it does describe extra-jurisdictional acts or decisions (Id.). Additionally, the Magistrate Judge reports that for the same reasons as noted above, absolute immunity bars Plaintiffs' civil RICO claims for monetary damages against the State Judges (Id. citing Cullinan v. Abramson, 128 F.3d 301, 307-08 (6th Cir. 1997)).

The Magistrate Judge also found that absolute immunity bars Plaintiffs' claims for injunctive and declaratory relief (doc. 38). In so finding, the Magistrate Judge reported the following. Plaintiffs' Complaint does not allege that the State Judges violated a declaratory decree or that declaratory relief was

-7-

unavailable to them (Id.). The Federal Courts Improvement Act of 1996 amended § 1983 to prevent federal courts from enjoining a state judge from taking an act or omission unless (1) a declaratory decree was violated or (2) declaratory relief was unavailable. See 42 U.S.C. § 1983. It must be determined whether a state judge has acted in his non-judicial role before declaratory relief is available under § 1983. Brandon v. Reynolds, 201 F.3d 194, 198-99 (6th Cir. 2000) (discussing In re Justices of the Supreme Court of Puerto Rico, 965 F.2d 17 (1st Cir. 1982).

   The State Judges also contend that this Court lacks subject matter jurisdiction over Plaintiffs' Complaint because of the Rooker-Feldman doctrine (doc. 38). The Magistrate Judge agrees with the State Court Judges' stance regarding the applicability of the Rooker-Feldman doctrine (Id.). The State Judges maintain that Plaintiffs' claims are inextricably intertwined with the rulings by the State Judges in the Plaintiffs' state cases (Id.). "The Rooker-Feldman doctrine . . . stands for the proposition that a party aggrieved by a state-court decision, cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004) (internal citations omitted). "The purpose of the doctrine is to prevent 'a party losing in state court . . . from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the losing party's claims that the state judgment itself violates the loser's federal rights." Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003) (internal citations omitted).

"Two categories of claims are barred by Rooker-Feldman: those which allege some injury arising from the state court's judgments, and those which allege an injury predating the state-court's judgments but which are still 'inextricably intertwined' with state-court judgments." Howard v. Whitbeck, 382 F.3d 633, 639 (6th Cir. 2004). The Magistrate Judge concludes that Rooker-Feldman bars Plaintiffs' claims to the extent they allege that the State Judges' rulings violated their federal constitutional and statutory rights, and to the extent that they seek a writ of mandamus, because these claims arise directly from state-court judgments (doc. 38 citing Whitbeck at 639). Rooker-Feldman also bars Plaintiffs' federal constitutional and statutory claims, because these claims are inextricably intertwined with the State Judges' rulings in Plaintiffs' state cases - specifically, because Plaintiffs' possible success on these claims depend on their ability to demonstrate that the State Judges' rulings were wrongly decided (doc. 38).

As to Plaintiffs' claims that the State Court Judges violated federal criminal statutes (i.e., RICO and Mail Fraud), the

-9-

Magistrate Judge reports that these claims fail because these statutes do not create a private right of action (doc. 38 citing Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997)). Quoting Diamond v. Charles, 476 U.S. 54, 64 (1986), the Magistrate Judge notes "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (doc. 38). As such, Plaintiffs lack standing to bring federal criminal charges against the State Judges (doc. 38).

The Magistrate Judge also finds that Magistrate Judge Merz's and Defendant Hunt's Motions to Quash are well-taken (doc. 39). Magistrate Merz seeks an Order pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure quashing Plaintiffs' Complaint and dismissing it as to him due to insufficiency of service of process (Id.). Magistrate Merz declares that he has not received process by certified mail in this case, that he has never resided or maintained an office at the address used by Plaintiffs, and that the envelope he received did not contain a return receipt card (Id. citing Magistrate Merz's Declaration). Plaintiffs argue that they followed the instructions of the Clerk of Court concerning service of summons and have consequently properly effected service of summons (Id.). Plaintiffs also contend that dismissal is unwarranted because they may still effect service within the 120-day period set by Rule 4(m)

-10-

of the Federal Rules of Civil Procedure (Id.).

The Magistrate Judge concludes, however, that for the reasons stated by Magistrate Merz in his Motion, Plaintiffs have not properly effected service of summons and Complaint upon him in the manner mandated by Rule 4(e). Consequently, the Magistrate Judge recommends that Magistrate Merz's Motion to Quash Plaintiffs' Attempt to Effect Service should be granted (Id.). Defendant Hunt joined in Magistrate Merz's Motion to Quash and, accordingly, his Motion to Quash is well-taken and dismissal of Plaintiffs' Complaint against Defendant Hunt, recommends the Magistrate Judge, should be without prejudice (Id.). However, the Magistrate Judge does not recommend that Plaintiffs' Complaint against Magistrate Merz be dismissed at this time (Id.). Rule 4(m) continues to provide time for Plaintiffs to effectuate service upon Magistrate Merz (Id.).

Additionally, the Magistrate Judge recommends that Judge Weber's Motion to Quash be granted (Id.). The summons served upon Judge Weber only provided him with 20 days to move, answer, or otherwise plead to Plaintiffs' Complaint (Id.). Rule 12(a)(3)(A) affords 60 days to respond to Plaintiffs' Complaint (Id.). The Plaintiffs acknowledged in their Response to Judge Weber's Motion to Quash that they issued a defective summons (Id.). It is for these reasons the Magistrate Judge recommends that Judge Weber's

-11-

Motion be granted (Id.).  Plaintiffs also admit that their attempted service on the remaining federal judicial officers named in the Complaint was defective (Id.).  Accordingly, the Magistrate Judge finds their service of summons and Complaint on these named Defendants must be quashed, and their Complaint against these named Defendants must be dismissed (Id.).  However, as time remains for Plaintiffs to effectuate service, dismissal against the federal judicial officers should be without prejudice (Id.).

Lastly, the Magistrate Judge reports that Plaintiffs' Leave of Court to Amend Summons lacks merit (Id.). Plaintiffs request the Court permit them to amend their summons to correct the defective 20-day response deadline and to substitute the required 60-day time period (Id.).  They argue the Court should do so, as they are proceeding pro se and less stringent pleading standards should apply (Id.).

However, the Magistrate Judge notes that Plaintiffs' pro se status does not relieve them of their obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure (Id.).  Additionally, their pro se status does not relieve them of their duty to adhere to readily understandable time deadlines of which they are aware including Rule 4(m)'s 120-day time limit (Id. citing Jordan v. Jabe, 980 F.2d 108, 110 (6th Cir. 1991).  Quoting Murphy Bros. v. Michetti Pipe

-12-

Stringing, Inc., 526 U.S. 344, 351 (1999), the Magistrate Judge notes that "[u]nless a named defendant agrees to waive service, the summons continues to be the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights" (doc. 39).  Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991).  As such, given that time remains under Rule 4(m) for Plaintiffs to effect service of summons and Complaint, the Magistrate Judge recommends their Motion to Amend Summons be denied (doc. 39).

Proper notice was provided to the parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner (See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981)).  Neither party, as noted above, filed objections to the two Report and Recommendations.  Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendations de novo, and it finds them proper.  The Court hereby ADOPTS the Magistrate Judge's reports and AFFIRMS the Magistrate Judge's recommended decisions.  In so doing, the State Judges' Motion to Dismiss (doc. 12) is GRANTED; Plaintiffs' claims against Defendants Moyer, Corbin,

Foley, McCracken, Valen, Young, and Powell are DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Magistrate Merz's Motion to Quash (doc. 6) is GRANTED, Plaintiffs' attempted service of summons and Complaint on Magistrate Merz is QUASHED; Plaintiffs' Complaint against Magistrate Merz is DISMISSED WITHOUT PREJUDICE; Defendant Hunt's Motion to Quash (doc. 9) is GRANTED; Plaintiffs' attempted service of summons and Complaint on Defendant Hunt is QUASHED; Plaintiffs' Complaint against Defendant Hunt is DISMISSED WITHOUT PREJUDICE; Judge Weber's Motion to Quash (doc. 10) is GRANTED, Plaintiffs' attempted service of summons and Complaint on Judge Weber is QUASHED; Plaintiffs' Complaint against Judge Weber is DISMISSED WITHOUT PREJUDICE; Plaintiffs' Motion for Leave of Court to Amend Summons (doc. 16) is DENIED; Magistrate Merz's Motion to Strike (doc. 25) is DENIED AS MOOT; Plaintiffs' attempt to serve the remaining federal Judicial Officers named in their Complaint is QUASHED; and Plaintiffs' Complaint against the federal Judicial Officers is DISMISSED WITHOUT PREJUDICE.

       SO ORDERED.

Dated: July 26, 2005       s/S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge